GRIFFIS, J.,
for the Court.
¶ 1. Sam Walker, Jr. was convicted of unlawful possession of more than five kilograms of marijuana with the intent to distribute, in violation of Mississippi Code Annotated Section 41-29-139 Supp.2004, and conspiracy to commit unlawful distribution of marijuana, in violation of Mississippi Code Annotated Section 97-1-1 (Rev. 2000). Walker was sentenced to serve fifteen years on each count to run concurrently, with the last six years to be served on post release supervision, and to pay a $5,000 fine. We find no error and affirm.
FACTS
¶ 2. Stephen Duncan was traveling from Texas to Alabama when he was stopped for a traffic violation in Lincoln County, Mississippi. Duncan was stopped by Captain Chris Picou, of the Lincoln County Sheriffs Department. During the stop, Captain Picou discovered twenty-seven pounds of marijuana in a box that was located in Duncan’s vehicle. Duncan was arrested on drug trafficking charges.
¶ 3. Duncan subsequently agreed to cooperate with law enforcement to attempt to arrest his accomplice, who was waiting for him in Alabama. Duncan contacted Walker and told him that he had car trouble and needed Walker’s assistance in Mississippi. Walker agreed and came to Lincoln County. After Walker arrived, law enforcement waited for him to retrieve the drugs from Duncan’s vehicle and pull away. As Walker left with the drugs in his possession, Walker was stopped and arrested. A search of Walker’s automobile found two loaded pistols and the twenty-seven pounds of marijuana.
¶ 4. A two-day jury trial was held in the matter. At the close of the testimony, Walker’s attorney requested two peremptory jury instructions, which the Honorable Keith Starrett denied. The jury found Walker guilty on both charges.
ANALYSIS
¶ 5. Walker argues that there was insufficient evidence for the court to deny his peremptory instruction and for the jury to find him guilty. “The standard of review for a denial of a directed verdict, peremptory instruction and a J.N.O.V. are identical.” Hawthorne v. State, 835 So.2d 14, 21(¶ 31) (Miss.2003). Such motions are raised to test the legal sufficiency of the State’s evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). In reviewing a *1000 denial of a peremptory instruction, we must view the evidence in the light most favorable to the State and accept as true all evidence which supports the verdict without weighing the credibility of the evidence in this Court. Id. We will reverse and render where the facts point overwhelmingly in favor of the appellant that reasonable men could not have found appellant guilty. Id. However, we are required to affirm where substantial evidence of such quality and weight exists to support the verdict and where reasonable and fair minded jurors may have found appellant guilty. Id.
¶ 6. The record contains an abundance of credible evidence to support the jury’s verdict. Walker was identified by Picou. Picou also stopped Walker and found the twenty-seven pounds of marijuana again after the drugs were transferred to Walker’s trunk from Duncan’s vehicle. Picou verified that the box found in Walker’s trunk was the same as found in the possession of Duncan. Archie Nichols, an employee of the State Crime Laboratory, confirmed that the substance seized from Walker’s trunk was marijuana. Craig Oster, Unit Commander of • the Southwest Mississippi Narcotics Enforcement group, also testified regarding the amount of marijuana found on Walker. Oster testified that such a large amount indicated that the carrier was not a user but rather a dealer. Captain Dustin Barefíeld, of the Lincoln County Sheriffs Department, testified that he recorded conversations between Duncan and Walker in which the two made plans to meet in Mississippi.
¶ 7. Finally, Duncan testified that he had known Walker for eight years, and this was not the first time that the two had such an arrangement. Rather, Duncan testified that they had a common scheme and referred to Walker as “the mastermind.” The plan consisted of Walker sending telegrams to Duncan to purchase the drugs, and Duncan, in turn, transporting the drugs to Walker in Alabama. When asked what the purpose was for Walker to come to Mississippi, Duncan responded, “to pick up the drugs.”
¶ 8. Based on those facts found in the record, there was more than sufficient, credible evidence to support the jury’s verdict. The peremptory instruction offered by Walker was properly denied. Accordingly, the judgment of the Lincoln County Circuit Court should be affirmed.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION ON COUNTS I AND II OF UNLAWFUL POSSESSION OF MORE THAN FIVE KILOGRAMS OF MARIJUANA WITH INTENT TO DISTRIBUTE AND CONSPIRACY TO DISTRIBUTE MARIJUANA AND SENTENCES OF FIFTEEN YEARS EACH, WITH SENTENCES TO RUN CONCURRENTLY TO SERVE NINE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND SIX TO BE SERVED IN POST-RELEASE SUPERVISION AND $5000 FINE IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.